UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNE REIBSTEIN,<br>on behalf of herself and all others<br>similarly situated, | ) ) ) | CLASS ACTION |
| Plaintiff, | ) ) ) | C.A. No.  09-2734 |
| vs. | ) ) ) | |
| RITE AID HDQTRS CORP.<br>and<br>ASTERES, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND DIRECTING NOTICE TO CLASS

AND NOW, this _____ day of _____, 2010, the Court, having reviewed the Settlement

Agreement entered into by the parties, hereby Orders as follows:

1.       Upon the stipulation of the parties, the Court certifies a class for settlement

purposes (the "Settlement Class"), pursuant to Fed.  R. Civ.  P. 23(b)(3), as follows:

> All persons who, on or after June 3, 2008 and continuing through June 18,
> 2009, made a credit card or debit card purchase from the pharmacy self-service
> dispenser at Rite Aid store number 1320, located at 640 Montgomery Avenue,
> Narberth, Pennsylvania 19072 and whose electronically printed receipt from the
> dispenser contained the expiration date of the person's credit or debit card.

2.       The Settlement Agreement entered into between the parties as of April 28, 2010,

appears, upon preliminary review, to be fair, reasonable and adequate to the Settlement Class.

Accordingly, the proposed settlement is preliminarily approved, pending a fairness hearing as

provided for herein.

3.       For settlement purposes only, the Court finds the prerequisites to a class action

under Fed. R. Civ. P. 23(a) have been satisfied in that:

(a)     The Settlement Class is so numerous that joinder of all Settlement Class members is impracticable.  There are approximately 369 members of the Settlement Class who were issued a total of approximately 2,442 credit card or debit card electronically printed receipts at Rite Aid store number 1320 during the class period;

(b)     There are questions of fact and law that are common to all members of the Settlement Class;

(c)     The claims of the Settlement Class representative are typical of those of the other members of the Settlement Class; and

(d)     The Settlement Class representative will fairly and adequately protect the interests of the Settlement Class and has retained counsel experienced in class action litigation who have and will continue to adequately represent the Settlement Class.

4.      The Court finds this action is maintainable as a class action for settlement purposes only under Fed. R. Civ. P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members.

5.      Pursuant to Fed. R. Civ. P. 23, Plaintiff Diane Reibstein is certified as the Settlement Class representative.  This Court certifies David A. Searles of the firm Donovan Searles, LLC as counsel for the class ("Class Counsel").

6.      The Court will hold a fairness hearing pursuant to Fed. R. Civ. P. 23(e) on _____, 2010 in Courtroom _____ at _____, _.m. for the following purposes:

(a)     To finally determine whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

(b)     To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

(c)     To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice;

(d)     To consider the application of Class Counsel for an award of attorneys' fees and expenses, and for an individual settlement award to the Settlement Class representative; and

(e)     To rule upon other such matters as the Court may deem appropriate.

7.     Within thirty (30) days of entry of this Order, the Notice in the form set forth at Exhibit B to the Settlement Agreement shall be sent by the Settlement Administrator (as such term is defined in the Settlement Agreement) via U.S. Mail, first class, to all members of the Settlement Class at their last known address, as updated by the Settlement Administrator.

8.     The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9.     The costs of printing and mailing the Class Notice, and administering the settlement shall be paid by Defendants as provided for in the Settlement Agreement.

10.     Counsel for Defendants shall file, no later than fifteen (15) days before the fairness hearing, proof of mailing of the Class Notice.

11.     As provided in the Settlement Agreement and Notice, each Settlement Class member shall have the right to exclude himself or herself from the Settlement Class by mailing a request for exclusion to the Settlement Administrator postmarked not later than fifty-five (55) days after mailing of the Notice. Requests for exclusion must set forth (i) the case short name

and number, "Reibstein v. Rite Aid Hdqtrs. Corp., et al., C.A. No. 09-2734," (ii) the person's name and address, and (iii) a statement that the person wishes to be excluded from the Settlement Class. At least ten (10) days prior to the fairness hearing, Class Counsel shall file with the Court and serve on Defendants a list of all persons who have timely opted-out of the Settlement Class, as compiled by the Settlement Administrator. The Settlement Administrator shall also at that time supply its determinations as to whether any request to opt out of the Settlement Class was not submitted timely, and provide written notification to any Settlement Class member whose request to opt out of the Settlement Class was not submitted on a timely basis.

12.    As provided in the Settlement Agreement and Notice, each Settlement Class member who does not timely opt out of the Settlement Class shall have the right to object to the settlement or to the request by Class Counsel for an award of attorneys' fees and expenses by filing written objections with the Court not later than fifty-five (55) days after mailing of the Notice, and copies of the objections shall be served on Defendants and on Class Counsel. The written objection must include: (i) the case short name and number, "Reibstein v. Rite Aid Hdqtrs. Corp., et al., C.A. No. 09-2734," (ii) the person's name and address, (iii) a statement that the person is a member of the Settlement Class, (iv) the words "Notice of Objection" or "Formal Objection," (v) in clear and concise terms, the legal and factual arguments supporting the objection; and (vi) whether the person intends to appear to speak at the fairness hearing. Failure to timely file and serve written objections will preclude a Settlement Class member from objecting at the fairness hearing. At least ten (10) days prior to the fairness hearing, Class Counsel shall file with the Court and serve upon Defendants a copy of all objections to the settlement.

13.    All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Plaintiff and for an award of attorneys' fees and expenses shall be filed not later than ten (10) days before the fairness hearing.

14.    The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____
Eduardo C. Robreno, U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNE REIBSTEIN,<br>on behalf of herself and all others<br>similarly situated, | ) ) ) | CLASS ACTION |
| Plaintiff, | ) ) ) | C.A. No.  09-2734 |
| vs. | ) ) ) | |
| RITE AID HDQTRS CORPORATION<br>and<br>ASTERES, INC., | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO CLASS (UNCONTESTED)

Pursuant to Fed. R. Civ. P. 23(c) and Eastern District Local Rule 23.1 and for the reasons

set forth more fully in the attached Memorandum of Law, plaintiff Dianne Reibstein moves the

Court for an Order preliminarily approving the settlement of this class action, approving the form

and method for providing class-wide notice and scheduling a hearing at which the following will

be considered: request for final approval of the proposed settlement, entry of the Final Judgment

and Order, plaintiff's application for attorneys' fees, costs and expenses, and award to the

representative plaintiff.  Defendants do not contest the requested relief.

Respectfully submitted,

Date:  April 28, 2010                 DONOVAN SEARLES, LLC

*s/ David A. Searles*
David A. Searles
1845 Walnut Street
Suite 1100
Philadelphia, PA 19103
(215) 732-6067

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIANNE REIBSTEIN,** | ) | |
| **on behalf of herself and all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No. 09-2734** |
| **vs.** | ) | |
| | ) | |
| **RITE AID HDQTRS. CORP.** | ) | |
| **and** | ) | |
| **ASTERES, INC.** | ) | |
| **Defendants.** | ) | **CLASS ACTION** |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
AND NOTICE TO CLASS**

Representative Plaintiff Dianne Reibstein ("Representative Plaintiff") hereby requests that the Court approve a proposed settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure and Local Rule 23.1, and approve notice to the Class.

The proposed Order submitted herewith is in the form that accompanies the parties' Settlement Agreement dated as of April 28, 2010 (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as Appendix I.  The proposed Order establishes certain dates for the mailing of notice to the Class and the procedure and timing for filing of objections, if any, to the settlement or requests for exclusion by members of the Settlement Class.

In support of this Motion, the Representative Plaintiff respectfully asserts as follows:

**I.        BACKGROUND AND NATURE OF THE LITIGATION**

This consumer class action was brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, as amended ("FCRA").  On December 4, 2006, an amendment to the FCRA went into effect after a three-year waiting period.  The amendment, included in the Fair and Accurate

Credit Transactions Act ("FACTA"), required companies which accept credit and debit cards to restrict or "truncate" the information they electronically print on sales receipts.  The FACTA truncation requirement was passed for an extremely important reason.  Congress was aware that a receipt containing both selected digits of the card number and the expiration date can be reverse-engineered by experienced identity thieves to re-create an entire account number and gain access to a credit or debit card account.

Plaintiff filed this action on June 16, 2009.  Plaintiff claimed in her Complaint that Defendant Rite Aid HDQTRS. Corp. ("Rite Aid") violated the FACTA truncation amendment.  Codified at 15 U.S.C. §1681c(g), the provision provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

This section applies to any "device that electronically prints receipts" for point of sale transactions.  15 U.S.C. §1681c(g)(3).  In particular, the Complaint asserted that the provision was violated because Rite Aid, at a single store located in Narberth, Pennsylvania, issued electronically printed receipts from a pharmacy self-service dispenser that disclosed the expiration date of the card.  The Complaint asserted that the non-compliance was willful and sought statutory damages under the Act.

Almost immediately upon being served with the Complaint, Defendant Rite Aid took steps to stop the practice complained of.  Additionally, the parties met very soon thereafter to discuss a possible resolution of the case.  Rite Aid then filed an Answer to the Complaint on September 14, 2009.  During the period of informal discovery that followed, Plaintiff learned of the circumstances leading to the printing of the expiration date on the receipts, including the involvement of another party, Asteres, Inc. ("Asteres"), which operated the self-service dispenser

at issue.  The Court granted Plaintiff's motion for leave to file an Amended Complaint to add Asteres on January 11, 2010, and the Amended Complaint was filed on February 12, 2010. Asteres filed an Answer to the Amended Complaint on April 12, 2010.

Early in the case, Plaintiff had sent written discovery to Rite Aid in the form of interrogatories and document requests.  Plaintiff also served a document subpoena on counsel for Asteres.  Between the two Defendants, thousands of pages of documents were produced, in addition to declarations from corporate designees of the Defendants who explained the circumstances of the printing of the non-compliant receipts, including the reasons the Defendants contended that their conduct was not willful. During this time, the parties continued to meet to discuss issues on the telephone and conferred extensively in an attempt to negotiate a settlement of the case.  Those efforts eventually proved successful, and the parties now seek the Court's preliminary approval of the settlement.

## II.   ELEMENTS FOR CERTIFICATION OF A SETTLEMENT CLASS

In considering the proposed settlement, the first question for the Court is whether a settlement class may be conditionally certified for settlement purposes.  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (trial court may disregard management issues in certifying a settlement class, but the proposed class must still satisfy the other requirements of Rule 23).

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions. One or more members of a class may sue as representative parties on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately

protect the interests of the class.

Here, the parties have reached a proposed agreement on behalf of the following:

All persons who, on or after June 3, 2008 and continuing through June 18, 2009, made a credit card or debit card purchase from the pharmacy self-service dispenser at Rite Aid store number 1320, located at 640 Montgomery Avenue, Narberth, Pennsylvania 19072 and whose electronically printed receipt from the dispenser contained the expiration date of the person's credit or debit card.

In support of her contention that proper and sufficient grounds for settlement class certification exist under Rule 23, the Plaintiff would show the following:

A.    __Numerosity__

In applying this rule, it has consistently been held that joinder is impracticable where the class is composed of hundreds of potential claimants; indeed, impracticability of joinder has often been found where the class is composed of less then 100 members.  *See, e.g., Eisenberg v. Gagnon*, 766 F.2d 770, 785-86 (3d Cir. 1985) (90 class members meets numerosity requirement); *Weiss v. York Hospital,* 745 F.2d 786, 808 (3d Cir. 1984) (92 class members meets the numerosity requirement).

Here, Defendants have represented that there were approximately 2,422 credit card or debit card transactions with approximately 369 members of the Settlement Class during the applicable time period. That amount is certainly sufficient to establish that joinder is impracticable.

B.    __Commonality__

Plaintiff also asserts that there are common questions of law or fact affecting the Class, primarily whether Defendants willfully violated FACTA by electronically printing non-compliant receipts for credit and debt card transactions.  The theory of liability is precise because it arises from the same standard practice and presents basic questions that are common to all Class members.  Cases presenting standardized practices directed at consumers invariably

present common predominating issues.  *See Summerfield v. Equifax Information Services LLC*, 2009 WL 3234191 (D.N.J. Sept. 30, 2009) (certifying class for pattern and practice of written misrepresentations in violation of FCRA); *Chakejian v. Equifax Information Services, LLC,* 256 F.R.D. 492 (E.D. Pa. 2009) (same); *Perry v. FleetBoston Financial Corp.,* 229 F.R.D. 105 (E.D. Pa. 2005) (finding Rule 23 requirements met in consumer class action under the FCRA and noting cases routinely certified where 'defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents.'"). *See also Weiss v. Regal Collections*, 385 F.3d 337, 344-45 (3d Cir. 2004) (claims arising from statements contained in standard collection communications particularly appropriate for class action); *Ashby v. Farmers Ins. Co. of Oregon,* 2004 WL 2359968 (D. Or. 2004) (FCRA class certified for uniform failure to provide adverse action notice).

Inasmuch as Defendants' polices and practices with respect to such conduct were essentially uniform with regard to these issues, commonality is satisfied.  Indeed, a single common question is sufficient enough to satisfy the requirements of Rule 23(a)(2).  *See, e.g., Baby Neal v. Casey,* 43 F.3d 48, 56 (3d Cir. 1994).  Where, as here, a defendant engaged in standardized conduct toward putative class members, commonality is satisfied.  *In re Prudential Insurance Company America Sales Practice Litigation*, 148 F.3d 283, 310 (3d Cir. 1998).

### C.  **Typicality**

This requirement is "designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals." *Prudential*, 148 F.3d at 311.  The threshold for establishing typicality is low.  Typicality does not require that the claims of the class members be identical.  *Eisenberg v. Gagnon*, 766 F.2d at 786.  Rather, a plaintiff's claims are typical when the nature of the

plaintiff's claims, judged from both a factual and a legal perspective, are such that in litigating her personal claims she can reasonably be expected to advance the interests of absent class members.  *See, e.g., General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 156-157 (1982).

Here, Plaintiff is a member of the Class, has the same interest in resolution of the issues as all other members of the Class and her claim is typical of all members of the Class. Defendants provided Plaintiff with a non-compliant receipt, just as they did for all members of the Class.  These facts, and Plaintiff's claims, are therefore typical of the facts and claims of all other members of the proposed settlement class.  *See Hassine v. Jeffes,* 846 F.2d 169, 177 (3d Cir. 1998).

### D.     Adequacy of Representation

A representative plaintiff must be able to provide fair and adequate protection for the interests of the class.  That protection involves two factors: (a) the representative plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the representative plaintiff must not have interests antagonistic to those of the Class.  *See, e.g., In re Prudential*, 148 F.3d at 312.

The Representative Plaintiff fairly and adequately represents the interests of the Settlement Class.  She has retained qualified and experienced attorneys to represent her in this matter.  The attorneys have substantial experience in class action and consumer litigation and are qualified to conduct the litigation.[1]

---

[1]     *See Perry, supra* (court finding that "I and a number of my colleagues have previously found that class counsel . . . Donovan Searles LLC, possesses the skill, experience and qualifications necessary to conduct litigation similar to the present lawsuit",  citing cases  *See also, e.g., Summerfield v. Equifax Information Services LLC*, 2009 WL 3234191 (D.N.J. Sept. 30, 2009) (Rodriguez, J.); *Chakejian v. Equifax Information Services, LLC*, 256 F.R.D. 492 (E.D. Pa. 2009) (Brody, J.); *Markocki v. Old Republic National Title Insurance Company*, 254 F.R.D. 242 (2008) (Tucker, J.); *Smith v. Grayling*

Moreover, Plaintiff has no interests that are antagonistic to the interests of the Class, and is unaware of any actual or apparent conflicts of interest between her and the Class.

### E.   Rule 23(b)(3) Considerations

The proposed settlement contemplates a class certification permitting opt-outs pursuant to Rule 23(b)(3).   An action may be maintained as a class action if the four elements described above are satisfied, and in addition, certain other conditions under Rule 23(b)(3) are met:

> (3)   the Court finds that the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a Class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3).

The requirement that the questions of law or fact common to all members of the Class predominate over questions pertaining to individual members is normally satisfied where plaintiffs have alleged a common course of conduct on the part of the defendant.  *Prudential*, 148 F.3d at 314-315.

Here, Plaintiff has alleged such a common course of conduct by Defendants.   All

---

*Corp.,* 2008 WL 3861286 (E.D. Pa. Aug.20, 2008) (Savage, J.); *Cohen v. Chicago Title Ins. Co.,* 242 F.R.D. 295 (E.D. Pa. 2007) (Sánchez, J.); *Jordan v. Commonwealth Financial Systems, Inc.,* 237 F.R.D. 132 (E.D. Pa. 2006) (Davis, J.); *Braun v. Wal-Mart Stores, Inc.,* 2005 WL 3623389 (Pa.Com.Pl. Dec. 27, 2005); *Beck v. Maximus, Inc.,* 2005 WL 589749 (E.D. Pa. March 11, 2005); *Stoner v. CBA Information Services,* 352 F.Supp.2d 549 (E.D. Pa. 2005); *Orloff v. Syndicated Office Systems, Inc.,* 2004 WL 870691 (E.D. Pa. April 22, 2004);   *Petrolito v. Arrow Financial Services, LLC,* 221 F.R.D. 303 (D. Conn. 2004); *Gaumer v. The Bon-Ton Stores,* C.A. No. 02-8611 (E.D. Pa. Dec. 30, 2003) (Yohn, J); *Piper v. Portnoff Law Associates, Ltd.*, 215 F.R.D. 495 (E.D. Pa. 2003) (Katz J.); *Oslan v. Law Offices of Mitchell N. Kay,* 232 F. Supp. 2d 436 (E.D. Pa. 2002) (Katz, J.); *Samuel-Bassett v. Kia Motors America, Inc.*, 212 F.R.D. 271 (E.D. Pa. 2002) (Joyner, J.) (class certified for breach of warranty claims), *vacated on other grounds*, 357 F.3d 392 (3d Cir. 2004); *Schilling v. Let's Talk Cellular and Wireless, Inc.*, 2002 WL 391695 (E.D. Pa. Feb. 6, 2002) (Robreno, J.); *Colbert v. Dymacol, Inc.*, 2001 WL 34083813 (E.D. Pa. Oct. 2, 2001) (Newcomer, J.) (striking offer of judgment and granting motion for class certification), *appeal dismissed as improvidently granted*, 344 F.3d 334 (3d Cir. 2003) (unanimous *en banc* decision); *Smith v. First Union Mortgage Corp.*, 1999 WL 947398 (E.D. Pa. Aug. 23, 1999) (Waldman, J.); *Williams v. Empire Funding Corp.*, 183 F.R.D. 428, 440 (E.D. Pa. 1998) (Robreno, J.) (class certified for rescission claims under Truth in Lending Act).

Settlement Class members, by definition, were provided with non-compliant electronically printed receipts for credit and debit card transactions. The predominating, indeed the dispositive, issue is whether Defendants willfully violated FACTA by engaging in that practice.

A class action in this case is superior to other available methods for the fair and efficient adjudication of the controversy because a class resolution of the issues described above outweighs the difficulties in management of separate and individual claims and allows access to the courts for those who might not gain such access standing alone, particularly in light of the relatively small amount of the actual and statutory damage claims that would be available to individuals.  In numerous cases, courts have recognized that Rule 23(b)(3) certification is particularly appropriate for consumer claims such as those asserted here.  *See*, *e.g., Amchem*, 521 U.S. at 617 ("The policy of the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights").  Moreover, such a certification permits individual claimants to opt-out and pursue their own actions separately if they believe they can recover more in an individual suit.  Thus, both predominance and superiority are satisfied.

Solely for the purposes of settlement, Defendants do not dispute that the Settlement Class should be certified in accordance with Rule 23(b)(3). Accordingly, the Court should conditionally certify the Settlement Class for settlement purposes.

### III.   NATURE OF SETTLEMENT

Defendants have agreed to provide gift cards in the amount of $20.00 for each of the 2,442 transactions involving the 369 Settlement Class members.  Defendants will also fund all costs of notice and claims administration, pay the Plaintiff an individual settlement award and pay Plaintiff's reasonable fees and expenses, subject to approval by the Court.

Specifically the terms of the settlement include Defendants' agreement to pay the following discrete amounts and agree to the following relief:

(a)     Defendants will provide a gift card, with the value of $20.00, for each of the 2,442 transactions involving a member of the Settlement Class. Each gift card will be subject to the same terms and conditions as a Rite Aid standard gift card. The cards cannot be used on items excluded by law, are not redeemable for cash, and will not be replaced if lost or stolen.

(b)     Defendants have ceased the practice of providing consumers with electronically printed receipts containing the expiration date of the person's credit card or debit card.  Defendants haves affirmatively agreed to continue the cessation of this practice.

(c)     Defendants shall pay for all costs of notice and settlement administration.

(d)     Defendants have agreed not to oppose Class Counsel's application for an individual settlement award of $3,750.00 to the representative plaintiff for services performed for the Settlement Class, and to pay such award as may be approved by the Court.

(e)     Defendants agree not to oppose Class Counsel's application to the Court for an award of attorneys' fees and out-of-pocket expenses not to exceed $65,000, and to pay such award as may be approved by the Court

The essential terms of the settlement are set out in the Settlement Agreement attached hereto as Appendix I.  The settlement is fair, reasonable, and adequate in light of the relevant facts, the applicable law, and the potential value of the settlement to the Class.

The settlement provides benefits to the Settlement Class by providing the value of twenty dollars ($20.00) for each transaction involving the members.  Based on the number of 2,442 receipts issued to 369 individuals, and with gift cards being provided for each receipt electronically printed in this case, the value thus created for the Settlement Class is at least forty-eight thousand, eight-hundred and forty dollars ($48,840.00).  Additional value is created through Defendants' funding of the notice and administration process and the additional amounts paid to settle the class representative's claims and the claims for fees and costs under the FCRA.

The proposed settlement was reached through extensive arms-length negotiations between the parties, and the substantive terms of the Settlement Agreement were fought out vigorously and through zealous advocacy. Class Counsel is able, experienced and well-qualified to evaluate the proposed Settlement Agreement on behalf of the Settlement Class members.

Within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall provide notice to the Settlement Class by (a) sending the Class Notice by first class mail in the form attached as Exhibit B to the Settlement Agreement; and (b) setting up an internet page on its website that contains the Class Notice and other documents relevant to this case, such as the Amended Complaint, the Answer, the Settlement Agreement, and the Order of Preliminary Approval. The Class Notice is sufficient to inform Class members regarding: (a) the formation of the Class; (b) the Class definition; (c) the terms of the proposed settlement; (d) the proposed request for an award of attorneys' fees and expenses to counsel; (e) the proposed individual settlement to the Representative Plaintiff; (f) Class members' right to opt out of the Class, and thereby not participate in the proposed settlement; (g) Class members' right to object to the proposed settlement; (h) the time and date of the Final Approval Hearing; and (i) Class members' right to appear at the Final Approval Hearing in favor of or in opposition to the proposed settlement. The Notice provides Settlement Class members with sufficient information to make an intelligent decision as to whether to remain in or opt out of the Class, or object to any aspect of the proposed settlement.

## IV.     THE SETTLEMENT ADEQUATELY SATISFIES THE REQUIREMENTS FOR PRELIMINARY APPROVAL

When a proposed class-wide settlement is reached, it must be submitted to the court for approval. 4 NEWBERG ON CLASS ACTIONS (4th ed. 2002) at §11:24, p. 35. Preliminary approval is the first of three steps that comprise the approval procedure for settlement of a class action.

The second step is the dissemination of notice of the settlement to all class members.  The third step is a settlement approval hearing.  *See* ANNOTATED MANUAL FOR COMPLEX LITIGATION THIRD, §30.41 (2000).

The question presented on a motion for preliminary approval of a proposed class action settlement is whether the proposed settlement is "within the range of possible approval." MANUAL FOR COMPLEX LITIGATION, §30.41 at 273.   Preliminary approval is merely the prerequisite to giving notice so that the class may be "given the opportunity to address the court as to the reasons the proposed settlement is unfair or inadequate." *In re Plastic Cutlery Antitrust Litigation*, 1998 WL 314655 (E.D. Pa. 1998).  There is an initial presumption of fairness when a proposed settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval.  NEWBERG, §11.26, p. 39.  However, the ultimate question of whether the proposed settlement is fair, reasonable and adequate is made after notice of the settlement is given to the class members and the court holds a settlement hearing.

Generally, district courts are afforded a broad degree of discretion in evaluating class action settlement proposals, and will be reviewed on an abuse of discretion standard. *Bryan v. Pittsburgh Plate Glass Co.*, 494 F.2d 799, 801 (3d Cir.1974).  Preliminary approval does not require the trial court to answer the ultimate question of whether a proposed settlement is fair, reasonable, and adequate.  That determination is made only after notice of the settlement has been given to the members of the class and after they have been given an opportunity to voice their views of the settlement or be excluded from the class.  *See, e.g.*, 3B MOORE'S FEDERAL PRACTICE ¶ 23.80[2-1], at 23-479 (2d ed. 1993).

In determining whether a class action should be approved, the threshold inquiry is whether the proposed settlement is fair, adequate and reasonable.  *Grunewald v. Kasperbauer*,

235 F.R.D. 599 (E.D.Pa. 2006); *Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F.Supp.2d

561 (E.D. Pa. 2001); *Collier v. Montgomery County Housing Authority*, 192 F.R.D. 176 (E.D.

Pa. 2000). As this Court has observed on earlier occasions, the case of *Girsh v. Jepson,* 521 F.2d

153 (3d Cir.1975), identified nine factors which the Court should consider in determining

whether a proposed settlement agreement is fair, adequate, and reasonable. The Third Circuit

supplemented the *Girsh* factors with six additional considerations in *Prudential,* 148 F.3d at 323.

This Court has held that the essence of *Girsh-Prudential* requires satisfactory answers to the

following questions:

> 1.     What benefits did the litigation confer upon the putative class members either by way of financial compensation or by injunctive relief?
>
> 2.     What past, present or future claims are surrendered by the class members by settling the case?
>
> 3.     Do the administrative costs, including attorneys fees, reflect the market value of services performed and are they commensurate with the results achieved?
>
> 4.     Are the terms of the Settlement Agreement consistent with the public interest and is the public's confidence in the administration of justice and integrity of the class action process enhanced or impeded by the settlement?
>
> 5.     What are the prospects that, if the Settlement Agreement is rejected, further litigation would enlarge the recovery of the class and, if so, at what financial cost?

*Grunewald*, 235 F.R.D. at 607; *Schwartz,* 157 F.Supp.2d at 572. In addition to being

substantively reasonable in relation to the risks and likely rewards of litigation, the proposed

settlement must be "the result of good faith, arms length negotiations." *Collier*, 192 F.R.D. 176.

In evaluating this requirement, courts proceed as follows:

> If the proposed settlement appears to be the product of serious informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that notice be

> given to the class members of a formal fairness hearing, at which evidence may
> be presented in support of and in opposition to the settlement.

*Id.*  A finding that these factors are present establishes an initial presumption of fairness.  *Id.*

Here, the proposed settlement meets these standards.

The amount of settlement value available for the Settlement Class, a minimum of

$48,840.00, is a good result in light of what Plaintiff could achieve if compelled to proceed to

trial.  For Plaintiff and the Class to prevail, they would have to prove that Defendants' conduct in

electronically printing the non-compliant receipts was "willful" within the meaning of section

1681n of the FCRA ("Any person who willfully fails to comply . . . with respect to any consumer

is liable to that consumer [for] . . . actual damages . . . or damages of not less than $100 and not

more than $1,000."[2]  If willfulness could be proven to a jury, and based on the number of

transactions that took place during the applicable period of time, statutory damages would thus

range from $244,200 to $2,442,000.  While such a result would exceed the value created by the

proposed settlement, it would also require Plaintiff and the Class surmounting the "willful"

standard imposed by the Act.   Here, where discovery showed that Rite Aid had fully complied

with FACTA in every store throughout the country, but the Asteres-operated pharmacy dispenser

at the Narberth store was non-compliant until the filing of this action, there is a substantial

question whether a jury would find willful, as opposed to negligent, conduct.  Due to the risks

involved, which cannot be ignored, in all reality, further litigation of the class claims would

neither advance justice nor serve any useful purpose.

---

[2]      Whether a defendant acted willfully within the meaning of the FCRA is the underlying liability
question in a statutory damages case.  15 U.S.C. § 1681n(a)(1)(A), discussed in *Korman v. The Walking
Company*, 503 F.Supp.2d 755 (E.D. Pa. 2007).   "Willful" for purposes of the FCRA was defined in
*Safeco Insurance Co. of America v. Burr,* 551 U.S. 47, 70 (2007), as knowing or reckless, or in reckless
disregard of a statutory duty.  *Korman*, 503 F.Supp.2d at 757; *Edwards v. Toys "R" Us*, 2007 WL
4395298 (C.D. Cal. Nov. 5, 2007).

The claims being surrendered by the Class are those that were or could have been asserted in the litigation, arising from the failure of the Defendants to truncate the expiration date on the electronically printed receipts, which was the sole focus of the litigation

The costs of administering the settlement are the normal market value costs involved in a class settlement in this venue.   The settlement administrator is an experienced class action administrator and able to accomplish the necessary tasks efficiently and effectively.   The attorney fees that will be sought at the final approval stage, pursuant to the fee-shifting provisions of the FCRA, will be documented with time records and evidence of the market for such services.   The fees are reasonable in light of the prompt resolution of the class action.

The settlement is consistent with the public interest in the proper administration of justice and the purposes of the truncation requirements of the FCRA in preventing identity theft.

Further litigation might well decrease the recovery for the Class.   In the absence of a settlement, the parties would have to proceed with formal discovery, a motion for class certification, probably summary judgment proceedings regarding the willfulness issue, and ultimately, perhaps to trial.[3]   While the Representative Plaintiff believes she would prevail on all issues, there is at least some risk she would not.   Even if she were to win on summary judgment or at trial, there is no guarantee such result would withstand appeal.

The proposed settlement is the product of serious, informed and non-collusive negotiations.   In negotiating the settlement, counsel had the benefit of substantial informal discovery in this action in order to weigh the risk of litigation against the benefits and certainty that the settlement as to damages provides.   Based upon their evaluation, Representative Plaintiff

---

[3]        The question of willful conduct in a FCRA case is so filled with factual issues that it may not be appropriate for a court to decide as a matter of law.   *Edwards v. Toys "R" Us*, 2007 WL 4395298 at *8-10.

and Class Counsel have determined that the settlement is in the best interest of the Settlement Class.

The proposed settlement has no "obvious deficiencies" and falls within the range for approval, especially so when compared with other FACTA settlements.[4]   The settlement does not improperly grant preferential treatment to a class representative or segments of the Settlement Class.   The amount sought for the Representative Plaintiff is an appropriate settlement amount under the FCRA for her individual claims and for her service to the Class. *See Perry v. FleetBoston Financial Corp.*, 229 F.R.D.105 (E.D. Pa. 2005) (awarding $5,000 each to three representative plaintiffs in FCRA class settlement); *Bonett v. Education Debt Services, Inc.*, 2003 WL 21658267, *7 (E.D. Pa. May 9, 2003) (awarding $4,000 to class representative in class settlement, citing cases).

The stage of the proceedings at which this settlement was reached militates in favor of preliminary approval and ultimately, final approval of the settlement.   The agreement to settle did not occur until after the parties exchanged discovery and undertook extensive negotiations.

---

[4]    It is well worth noting that the terms of the settlement here are more favorable than the terms of settlements reached in other FACTA class actions that have been approved by courts in this Circuit. In contrast to the case at bar, many such settlements required submission of a claim by a class member, and/or required the member to purchase something in order to receive the benefit of the settlement.  *See e.g. Curiale v. Lenox Group, Inc.,* 2008 WL 4899474 (E.D. Pa. Nov. 14, 2008) (Surrick, J.) (preliminarily approving settlement granting  option of $5 off a purchase, a free bud vase, or $25 off purchase of $150 or more, and $2,500 to class representative); *Smith v. Grayling Corp.,* 2008 WL 3861286 (E.D. Pa. Aug. 20, 2008) (Savage, J.) (granting final approval of FACTA settlement providing for series of three $7.00 vouchers, on claims-made basis, and $3,000.00 to class representative); *Ehrheart v. Pfaltzgraff Factory Stores, Inc.,* No. 07-1433 (E.D. Pa. June 5, 2008) (Padova, J.) (granting final approval of settlement providing for payment options of a free mug or dinner plate valued at $8.00, or a coupon for $10.00 off a $25.00 purchase; and $2,500 to the  class representative); *Curiale v. Hershey Entm't & Resorts Co.,* No. 07-0651 (M.D. Pa. May 21, 2008) (Kane, J.) (granting final approval of settlement providing for $8.33 voucher or $8.00 coupon, a donation of $5,000.00 to charity; and $2,000 to class representative); *Carusone v. Joe's Crab Shack Holdings, Inc.,* No. 07-0320 (W.D. Pa. May 28, 2008) (Lenihan, J.) (granting final approval of FACTA settlement providing for two $4.00 coupons; a donation of $5,000 to charity; and $2,500 to class representative); *Long v. Joseph-Beth Group, Inc.,* No. 07- 0433 (W.D. Pa. May 27, 2008) (Cercone, J.) (granting final approval of FACTA settlement providing for $5.00 coupon).

At the Final Approval Hearing, the parties will present a final judgment giving effect to the Settlement Agreement.

### V.    <u>CONCLUSION</u>

Accordingly, Plaintiff Dianne Reibstein requests that the Court grant the relief as set forth in the foregoing proposed Order of Preliminary Approval.

Date: April 28, 2010                          Respectfully submitted,

**DONOVAN SEARLES, LLC**

BY:    <u>*s/ David A. Searles*</u>
David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
(215) 732-6067

Attorneys for Plaintiff and Class

# APPENDIX I

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIANNE REIBSTEIN, | ) | |
| on behalf of herself and all others | ) | **CLASS ACTION** |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | **C.A. No.  09-2734** |
| | ) | |
| vs. | ) | |
| | ) | |
| RITE AID HDQTRS. CORP., | ) | |
| and | ) | |
| ASTERES, INC. | ) | |
| Defendants. | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into this 28th day of April, 2010, by and between plaintiff Dianne Reibstein ("Plaintiff"), on the one hand, and defendants Rite Aid Hdqtrs. Corp. ("Rite Aid') and Asteres, Inc., ("Asteres') (collectively, "Defendants"), on the other.

WHEREAS, Plaintiff filed a class action lawsuit against Rite Aid on June 16, 2009 in the United States District Court for the Eastern District of Pennsylvania captioned *Reibstein v. Rite Aid Corporation,* C.A. No. 09-2734 (the "Lawsuit");

WHEREAS, Plaintiff alleged that Rite Aid violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, by providing to consumers electronically printed receipts at point of sale transactions which contained the expiration date of the consumer's credit card or debit card;

WHEREAS, on September 14, 2009, Rite Aid filed an Answer to the Class Action Complaint;

WHEREAS, on February 12, 2010, pursuant to an Order granting Plaintiff's Motion for Leave to Amend Complaint to Add Defendant, Plaintiff filed a First Amended Class Action Complaint, adding Asteres, Inc. ("Asteres") as a defendant in the Lawsuit and alleged that Asteres violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, by providing to consumers electronically printed receipts at point of sale transactions which contained the expiration date of the consumer's credit card or debit card;

WHEREAS, on April 12, 2010, Asteres filed an Answer to the First Amended Class Action Complaint;

WHEREAS, Rite Aid and Asteres have at all times denied, and continue to deny, that they have committed any wrongful acts or violations of law of any nature whatsoever or that they have any liability to the Plaintiff or the putative class;

WHEREAS, uncertainty exists as to the potential liability of Rite Aid and Asteres in the Lawsuit, as to class certification, and as to the nature and amount of relief, if any, to which Plaintiff and the members of the putative class may be entitled if liability is established;

WHEREAS, after the parties spent many hours engaged in extensive arms'-length negotiations, the parties agreed to settle the Lawsuit on a class-wide basis, subject to approval of the Court;

WHEREAS, counsel for Plaintiff has thoroughly analyzed the applicable law and all of the facts, and has concluded that the proposed settlement herein is fair and reasonable and in the best interest of the Settlement Class (hereafter defined) because it provides substantial and immediate relief and avoids the considerable risks and delays of further litigation;

WHEREAS, while denying any fault, wrongdoing or liability, Rite Aid and Asteres believe that the settlement proposed herein is desirable in order to avoid further

significant burden, expense, inconvenience of protracted litigation, and the distraction and diversion of their personnel and resources;

WHEREAS, Plaintiff seeks to represent the Settlement Class, and Rite Aid and Asteres agree that a class should be certified solely for the purpose of effectuating this settlement; and

WHEREAS, it is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs of trial and settle and dispose of, fully and completely and forever, any and all claims and causes of action in the Lawsuit

NOW, THEREFORE, it is hereby STIPULATED and AGREED by the parties that the Lawsuit shall be settled, subject to the approval of the Court, on the following terms and conditions:

1.      For settlement purposes only, and subject to a brief period of confirmatory discovery and/or verification of certain material facts, the parties hereto agree that the following settlement class (the "Settlement Class") should be certified:

> All persons who, on or after June 3, 2008 and continuing through June 18, 2009, made a credit card or debit card purchase from the pharmacy self-service dispenser at Rite Aid store number 1320, located at 640 Montgomery Avenue, Narberth, Pennsylvania 19072 and whose electronically printed receipt from the dispenser contained the expiration date of the person's credit or debit card.

Defendants have represented and produced to Plaintiff documents evidencing that the Settlement Class consists of approximately 369 individuals who engaged in a total of approximately 2,442 credit or debit card transactions during the relevant time period.   If confirmatory discovery demonstrates that the size of the Settlement Class or number of receipts is materially higher (greater by more than 10%), Plaintiff may opt to cancel this Settlement Agreement.  As defendants have already produced to Plaintiff a substantial amount of documents

and provided Plaintiff with informal discovery, further confirmatory discovery shall be limited to Defendants responding to no more than 20 interrogatories (including all subparts, if any, of the interrogatories) and providing declarations (no more than 3 for each Defendant) of certain facts.

2.    The parties further agree that Plaintiff Dianne Reibstein is certified as the Class Representative of the Settlement Class and that the law firm of Donovan Searles, LLC shall serve as Class Counsel.  If the settlement is not approved, Defendants' stipulation to certification of the Settlement Class shall be null and void *ab initio*, and may not be used or relied upon by Plaintiff or any member of the Settlement Class, in the Lawsuit or any other action or proceeding.

3.    After execution of this Settlement Agreement, Class Counsel shall file a motion asking the Court to enter an order granting preliminary approval of the settlement in the form attached hereto as Exhibit A (the "Preliminary Approval Order") and approving the form and method of Class Notice attached hereto as Exhibit B.  Thereafter, no less than ten (10) days prior to the hearing scheduled to consider final approval of the settlement ("Final Approval Hearing"), Class Counsel shall file a motion requesting the Court to grant final approval of the settlement, and enter a Final Judgment and Order of Dismissal (the "Final Judgment Order") in the form attached hereto as Exhibit C.  The execution and entry of the Final Judgment Order by the Court shall constitute "Final Judgment."

4.    Rite Aid will provide a gift card, with a value of $20.00, for each credit or debit card receipt provided to a member of the Settlement Class during the Class Period that contained the expiration date of the person's credit or debit card as reflected by Defendants' records.

5.      Each gift card will be subject to the same terms and conditions as a Rite Aid standard gift card. The cards cannot be used on items excluded by law, are not redeemable for cash, and will not be replaced if lost or stolen.

6.      The Effective Date shall be the fortieth (40th) day after the date of the Final Judgment, if no appeal is filed from the Final Judgment.  If an appeal has been filed from the Final Judgment, the Effective Date shall be ten (10) days after the Final Judgment has been upheld on appeal and the time for any further appeal has expired.

7.      Gift cards will be mailed to Settlement Class members within twenty (20) days of the Effective Date.

8.      All settlement administration tasks shall be performed by an independent, third-party settlement administrator, RSM McGladrey, Inc. ("Settlement Administrator"). Asteres shall pay for all costs of notice and settlement administration, except that Class Counsel will receive and maintain a list of opt-outs and objections.  The Settlement Administrator will execute a HIPAA Business Associate Agreement before receiving any information about the class members.  The only information being provided to the Settlement Administrator will be the name and address of the approximate 369 individuals and the number of receipts provided to each individual that contained the expiration date of the person's credit or debit card as reflected by Defendants' records during the class period defined in paragraph 1.  In no event will any prescription information of any manner be provided to the Settlement Administrator.

9.      Rite Aid and Asteres agree that in connection with the Lawsuit, they took prompt steps to assure the cessation of the practice of providing consumers with electronically printed receipts containing the expiration date of the person's credit card or debit card at the pharmacy self-service dispenser at Rite Aid store number 1320, located at 640 Montgomery

Avenue, Narberth, Pennsylvania 19072.  Rite Aid and Asteres affirmatively agree to continue the cessation of this practice.  Rite Aid and Asteres deny any fault, wrongdoing or liability regarding the complained about practice.

10.     Class Counsel intends to apply to the Court for an award of attorneys' fees and out-of-pocket expenses not to exceed $65,000.00.  Class Counsel also intends to apply to the Court for an award to the representative plaintiff in settlement of her individual claims and also for services performed on behalf of the Settlement Class not to exceed $3,750.00.  Rite Aid and Asteres agree not to oppose the foregoing applications for attorneys' fees and expenses and individual settlement award and Asteres agrees to pay such awards as approved by the Court so long as the attorneys' fees and expenses and the individual settlement award are no greater than the amounts defined in this paragraph of the Agreement.

11.     Within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall provide notice to the Settlement Class by (a) sending the Class Notice by first class mail in the form attached as Exhibit B; and, (b) setting up an Internet page on its website that contains the Class Notice and other documents relevant to this case, such as the Amended Complaint, the Answers, the Settlement Agreement and the Order of Preliminary Approval.

12.      The Internet notice will be posted and maintained for a period of forty-five (45) days (the "Notice Period").

13.     Not later than ten (10) days before the Final Approval Hearing, Class Counsel shall file with the Court and serve on Defendants a list of all persons who have timely opted-out of the Settlement Class.  A person has timely opted-out of the Settlement Class if they have mailed a notice of exclusion to the Settlement Administrator post-marked not later than ten

(10) days after close of the Notice Period.  The written request must include: (i) the case short name and number, "Reibstein v. Rite Aid Hdqtrs. Corp., et al., C.A. No. 09-2734," (ii) the person's name and address, and (iii) a statement that the person wishes to be excluded from the Settlement Class.  Notwithstanding anything else contained in this Settlement Agreement, if more than ten percent (10%) of the Settlement Class chooses to opt-out, then either of the Defendants may, in its sole discretion, at any time prior to the Final Approval Hearing, notify Class Counsel that it has elected to terminate this Settlement Agreement.  In the event either Defendant elects to terminate this Agreement under this provision, the Parties and the Lawsuit will be returned to the *status quo ante*.

14.     Any Settlement Class member who wants to object to the Settlement Agreement must file a written objection and/or a notice of intention to appear with the Court, and serve copies on Class Counsel and Defendants' Counsel, not later than ten (10) days after close of the Notice Period.  The written objection must include:  (i) the case short name and number, "Reibstein v. Rite Aid Hdqtrs. Corp., et al., C.A. No. 09-2734," (ii) the person's name and address, (iii) a statement that the person is a member of the Settlement Class, (iv) the words "Notice of Objection" or "Formal Objection," (v) in clear and concise terms, the legal and factual arguments supporting the objection; and (vi) whether the person intends to appear to speak at the Final Approval Hearing.

15.     No later than ten (10) days prior to the Final Approval Hearing (a) Class Counsel shall prepare and file with the Court a list of all objections to this Settlement Agreement received, and (b) Class Counsel shall file a motion requesting the Court to grant final approval of the settlement and entry of the Final Judgment Order, in the form attached hereto as Exhibit C,

and shall also file a motion for fees and reimbursement of costs consistent with the terms set forth in this Settlement Agreement.

16.     Asteres will make payment of Plaintiff's attorneys' fees and costs and Plaintiff's individual settlement award granted by the Court within twenty (20) days of the Effective Date.  Class Counsel may receive disbursement of agreed upon or awarded fees and expenses within ten (10) days of the entry of the Final Judgment Order, in the event that no Settlement Class member has filed a written objection to the settlement or to counsel's requests for fees and expenses, has otherwise appeared in the Lawsuit for purposes of objecting to the settlement or counsels' applications for fees and expenses.  However, no such disbursements shall be made prior to the Effective Date if there has been any objection to the settlement or to the request for counsel fees, or if any appeal has been taken from any order of the Court.  If, prior to the Effective Date, any appeal or objection to the award of fees and expenses is filed, Class Counsel shall return any disbursements to Defendants within ten (10) days, pending final resolution of such appeal or objection.  Also, if fees and expenses have been disbursed prior to the Effective Date pursuant to the first sentence of this paragraph, but the Final Judgment approving the settlement, or any award of attorneys' fees and expenses otherwise fails to become final, counsel receiving fees and expenses shall refund such payments to Defendants.

17.     For the consideration stated herein, the receipt and sufficiency of which is hereby acknowledged, Plaintiff agrees that the Lawsuit shall be dismissed with prejudice, and Plaintiff and all Settlement Class members who do not timely exclude themselves from the Settlement Class, release Defendants as follows:

(a)     Settlement Class member's specific release: Upon entry of the Final Judgment and Order of Dismissal, Settlement Class members, on behalf of themselves, and each

of their heirs, executors, administrators, legatees, successors, personal representatives, and assigns, hereby remise, release and forever discharge Defendants, and each of their direct or indirect parents, wholly or majority owned subsidiaries, affiliates, divisions, predecessors, successors, assignees, present and former officers, directors, employees, shareholders, representatives, insurers, partners, agents, insurers, and attorneys, and all persons acting by, through, under or in concert with them, or any of them, (collectively the "Released Parties"), from any and all claims, actions, causes of action, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, charges, penalties, losses, costs, expenses, attorneys' fees, or requests for damages of any nature whatsoever, known or unknown, in law or equity, fixed or contingent ("Claims"), that were or could have been asserted in the Lawsuit, including but not limited to any Claims relating to any and all violations of 15 U.S.C. § 1681c(g) or based on the allegations or fact that any credit or debit card receipt was printed with the expiration date of the card.

(b)     Plaintiff's general release: Upon entry of the Final Judgment and Order of Dismissal, the Plaintiff, on behalf of herself, and each of her heirs, executors, administrators, legatees, successors, personal representatives, and assigns, hereby remises, releases and forever discharges Defendants, and each of their direct or indirect parents, wholly or majority owned subsidiaries, affiliates, divisions, predecessors, successors, assignees, present and former officers, directors, employees, shareholders, representatives, insurers, partners, agents, insurers, and attorneys, and all persons acting by, through, under or in concert with them, or any of them, (collectively the "Released Parties"), from any and all claims, actions, causes of action, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, charges, penalties,

losses, costs, expenses, attorneys' fees, or requests for damages of any nature whatsoever, known or unknown, in law or equity, fixed or contingent ("Claims").

18.     Plaintiff and Class Counsel agree not to encourage or solicit persons to opt out of the Settlement Class.

19.     Except as otherwise agreed by all parties, this Settlement Agreement shall be null and void unless finally approved by the Court, and affirmed on appeal if an appeal is taken.  However, a reduction by the Court or by an appellate court of the attorneys' fees and/or out-of-pocket expenses or the individual settlement award sought by the Plaintiff and Class Counsel shall not affect any of the parties' other rights and obligations under this Settlement Agreement.

20.     It is expressly agreed and understood that this Settlement Agreement reflects the compromise and settlement of disputed claims among the Parties. Its constituent provisions, and any and all drafts, communications, and discussions relating to it, shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, any allegations of wrongdoing or any matters regarding class certification) by any person, including both Plaintiff and Defendant, and shall not be offered or received in evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession.

21.     This Settlement Agreement may be executed in separate counterparts.

22.     This Settlement Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, executors, administrators, and personal representatives.

23.     In the event the settlement does not receive final approval, or Final Judgment is reversed on appeal, then this Settlement Agreement shall be of no force or effect

and, in any such event, the parties agree that this Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it, shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law or regulation or of any liability or wrongdoing by any of the Released Parties or of the truth of any of the claims or allegations made in the Lawsuit, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way in any action or proceeding.  Defendants expressly reserve all rights if the settlement does not become final in accordance with the terms of this Settlement Agreement, including but not limited to the right to contest class certification in the Lawsuit.

24.     This Settlement Agreement and the attached exhibits contain the entire, complete, and integrated statement of each and every term and provision agreed to by and among the parties; it is not subject to any condition not provided for herein.

25.     This Settlement Agreement shall not be modified in any material respect except by a writing executed by all the parties hereto.

26.     The parties hereto and each Settlement Class member hereby irrevocably submit to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement and exhibits thereto.  Without limiting the generality of the foregoing, it is hereby agreed that any dispute concerning the provisions of the release set forth above including, but not limited to, any suit, action or proceeding by a Settlement Class member in which the provisions of the release are asserted by Defendants as a defense, constitutes a suit, action or proceeding arising out of or relating to this Settlement Agreement and exhibits hereto

27.     In executing this Settlement Agreement, the Parties warrant and represent that they are the only persons having any interest in the claims asserted in this Lawsuit.  Neither these claims, nor any part of these claims, have been assigned, granted or transferred in any way to any other person, firm or entity.

28.     The Parties executed this Agreement voluntarily and without duress or undue influence.

29.     The Parties acknowledge that (a) they have been represented by independent counsel of their own choosing during the negotiation of this settlement and the preparation of this Settlement Agreement, (b) they have read this Settlement Agreement and are fully aware of its contents, and (c) their respective counsel fully explained to them the Settlement Agreement and its legal effect.

30.     Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released by this Settlement Agreement and, further, that each Party is fully entitled and duly authorized to enter into this Settlement Agreement.

31.     Neither Party nor any of the Parties' respective attorneys will be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision in this Settlement Agreement in any judicial or other proceeding that may arise between them.  This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or affect.

32.     The exhibits attached to this Settlement Agreement are integral parts of the Settlement Agreement and the settlement and are incorporated by reference into this Settlement Agreement as though fully set forth herein.   Any inconsistency between this

Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

33.     To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted or attempted in breach of or contrary to this Settlement Agreement.

34.     This Settlement Agreement is deemed executed on the date that it is signed by all of the undersigned.

35.     The recitals are incorporated by reference as though fully set forth herein and are part of the Settlement Agreement.

36.     Should any paragraph, sentence, clause, or provision of this Settlement Agreement be held invalid or unenforceable, the remaining Settlement Agreement will remain valid and enforceable.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement as of the date hereof.

*Dianne B Reibstein*

Dianne B. Reibstein
Plaintiff


RITE AID HDQTRS. CORP.,

By: _____

Its: _____


ASTERES, INC.

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement as

of the date hereof.

_____

Dianne B. Reibstein
Plaintiff

RITE AID HDQTRS. CORP.,

By: _____

Its: _____

ASTERES, INC.

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement as

of the date hereof.

_____
Dianne B. Reibstein
Plaintiff


RITE AID HDQTRS. CORP.,

By: _____

Its: _____


ASTERES, INC.

By: _____

Its: _____CEO_____

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNE REIBSTEIN,<br>on behalf of herself and all others<br>similarly situated, | ) ) ) | CLASS ACTION |
| | ) | |
| Plaintiff, | ) ) | C.A. No. 09-2734 |
| | ) | |
| vs. | ) ) | |
| RITE AID HDQTRS CORP.<br>and<br>ASTERES, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER PRELIMINARILY APPROVING
SETTLEMENT AND DIRECTING NOTICE TO CLASS

AND NOW, this _____ day of _____, 2010, the Court, having reviewed the Settlement

Agreement entered into by the parties, hereby Orders as follows:

1.      Upon the stipulation of the parties, the Court certifies a class for settlement

purposes (the "Settlement Class"), pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

> All persons who, on or after June 3, 2008 and continuing through June 18,
> 2009, made a credit card or debit card purchase from the pharmacy self-service
> dispenser at Rite Aid store number 1320, located at 640 Montgomery Avenue,
> Narberth, Pennsylvania 19072 and whose electronically printed receipt from the
> dispenser contained the expiration date of the person's credit or debit card.

2.      The Settlement Agreement entered into between the parties as of April 28, 2010,

appears, upon preliminary review, to be fair, reasonable and adequate to the Settlement Class.

Accordingly, the proposed settlement is preliminarily approved, pending a fairness hearing as

provided for herein.

3.      For settlement purposes only, the Court finds the prerequisites to a class action

under Fed. R. Civ. P. 23(a) have been satisfied in that:

(a)     The Settlement Class is so numerous that joinder of all Settlement Class members is impracticable.  There are approximately 369 members of the Settlement Class who were issued a total of approximately 2,442 credit card or debit card electronically printed receipts at Rite Aid store number 1320 during the class period;

(b)     There are questions of fact and law that are common to all members of the Settlement Class;

(c)     The claims of the Settlement Class representative are typical of those of the other members of the Settlement Class; and

(d)     The Settlement Class representative will fairly and adequately protect the interests of the Settlement Class and has retained counsel experienced in class action litigation who have and will continue to adequately represent the Settlement Class.

4.     The Court finds this action is maintainable as a class action for settlement purposes only under Fed. R. Civ. P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members.

5.     Pursuant to Fed. R. Civ. P. 23, Plaintiff Diane Reibstein is certified as the Settlement Class representative.  This Court certifies David A. Searles of the firm Donovan Searles, LLC as counsel for the class ("Class Counsel").

6.     The Court will hold a fairness hearing pursuant to Fed. R. Civ. P. 23(e) on _____, 2010 in Courtroom _____ at _____, _.m. for the following purposes:

(a)     To finally determine whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

2

(b)     To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

(c)     To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice;

(d)     To consider the application of Class Counsel for an award of attorneys' fees and expenses, and for an individual settlement award to the Settlement Class representative; and

(e)     To rule upon other such matters as the Court may deem appropriate.

7.     Within thirty (30) days of entry of this Order, the Notice in the form set forth at Exhibit B to the Settlement Agreement shall be sent by the Settlement Administrator (as such term is defined in the Settlement Agreement) via U.S. Mail, first class, to all members of the Settlement Class at their last known address, as updated by the Settlement Administrator.

8.     The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9.     The costs of printing and mailing the Class Notice, and administering the settlement shall be paid by Defendants as provided for in the Settlement Agreement.

10.     Counsel for Defendants shall file, no later than fifteen (15) days before the fairness hearing, proof of mailing of the Class Notice.

11.     As provided in the Settlement Agreement and Notice, each Settlement Class member shall have the right to exclude himself or herself from the Settlement Class by mailing a request for exclusion to the Settlement Administrator postmarked not later than fifty-five (55) days after mailing of the Notice. Requests for exclusion must set forth (i) the case short name

3

and number, "Reibstein v. Rite Aid Hdqtrs. Corp., et al., C.A. No. 09-2734," (ii) the person's name and address, and (iii) a statement that the person wishes to be excluded from the Settlement Class. At least ten (10) days prior to the fairness hearing, Class Counsel shall file with the Court and serve on Defendants a list of all persons who have timely opted-out of the Settlement Class, as compiled by the Settlement Administrator. The Settlement Administrator shall also at that time supply its determinations as to whether any request to opt out of the Settlement Class was not submitted timely, and provide written notification to any Settlement Class member whose request to opt out of the Settlement Class was not submitted on a timely basis.

12.    As provided in the Settlement Agreement and Notice, each Settlement Class member who does not timely opt out of the Settlement Class shall have the right to object to the settlement or to the request by Class Counsel for an award of attorneys' fees and expenses by filing written objections with the Court not later than fifty-five (55) days after mailing of the Notice, and copies of the objections shall be served on Defendants and on Class Counsel. The written objection must include:  (i) the case short name and number, "Reibstein v. Rite Aid Hdqtrs. Corp., et al., C.A. No. 09-2734," (ii) the person's name and address, (iii) a statement that the person is a member of the Settlement Class, (iv) the words "Notice of Objection" or "Formal Objection," (v) in clear and concise terms, the legal and factual arguments supporting the objection; and (vi) whether the person intends to appear to speak at the fairness hearing. Failure to timely file and serve written objections will preclude a Settlement Class member from objecting at the fairness hearing. At least ten (10) days prior to the fairness hearing, Class Counsel shall file with the Court and serve upon Defendants a copy of all objections to the settlement.

13.     All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Plaintiff and for an award of attorneys' fees and expenses shall be filed not later than ten (10) days before the fairness hearing.

14.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____

Eduardo C. Robreno, U.S.D.J.

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNE REIBSTEIN, <br> on behalf of herself and all others <br> similarly situated, <br><br>                 Plaintiff, <br><br>     vs. <br><br> RITE AID HDQTRS. CORP. <br>        and <br> ASTERES, INC., <br><br>                Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CLASS ACTION <br><br> C.A. No. 09-2734 |

<u>NOTICE OF PROPOSED SETTLEMENT AND SETTLEMENT HEARING</u>

       **THIS NOTICE IS DIRECTED TO ALL PERSONS WHO, ON OR AFTER JUNE 3, 2008 AND CONTINUING THROUGH JUNE 18, 2009, MADE A CREDIT CARD OR DEBIT CARD PURCHASE FROM THE PHARMACY SELF-SERVICE DISPENSER AT RITE AID STORE NUMBER 1320, LOCATED AT 640 MONTGOMERY AVENUE, NARBERTH, PENNSYLVANIA 19072 AND WHOSE ELECTRONICALLY PRINTED RECEIPT FROM THE DISPENSER CONTAINED THE EXPIRATION DATE OF THE PERSON'S CREDIT OR DEBIT CARD.**

YOU MAY BE A MEMBER OF THE CLASS. THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.

## THIS IS *NOT* A NOTIFICATION THAT YOU HAVE BEEN SUED

### SUMMARY OF THE LAWSUIT

       On June 17, 2009, plaintiff Diane Reibstein filed a class action lawsuit (the "Lawsuit") against Rite Aid Corp. in the United States District Court for the Eastern District of Pennsylvania, which was later amended to include Asteres, Inc. ("Asteres") as a defendant, and Rite Aid Hdqtrs. Corp. ("Rite Aid") was substituted as a defendant for Rite Aid Corporation. The Lawsuit alleged that Defendants violated 15 U.S.C. § 1681c(g), part the federal Fair Credit

Reporting Act ("FCRA"), by printing the expiration date of consumer's credit and debit cards in the Rite Aid pharmacy self-serving dispenser located in the Rite Aid store in Narberth, Pennsylvania. You can read the Plaintiff's full Amended Complaint at www._____.com.

**Defendants deny any wrongdoing and any liability whatsoever.** Notwithstanding, the Defendants have decided it is in their best interest to settle the Lawsuit on the terms set forth in the proposed Settlement Agreement to avoid further expenses, uncertainty, and inconvenience.

Counsel for the Plaintiff and the Settlement Class ("Class Counsel") have fully investigated the facts, analyzed the applicable law, and have considered such other sources of information as deemed to be necessary to evaluate the fairness of the proposed settlement. Based on Class Counsel's review of the facts and the law and their evaluation of the substantial and immediate benefits which the settlement will confer upon the Class, Class Counsel have determined that the proposed settlement is fair, reasonable, adequate and in the best interests of the Class. The terms of the proposed settlement are summarized below.

The Court has not ruled on the merits of the Plaintiff's claims or on the denials of liability and other defenses made by Defendants in the Lawsuit. Therefore, this Notice should not be viewed as an expression of any opinion by the Court on the merits of the Plaintiff's claims or defenses by Defendants in the Lawsuit.

## I.     THE PROPOSED CLASS AND YOUR RIGHT TO BE EXCLUDED

For the purposes of settlement only, the Court has provisionally certified a Settlement Class defined as follows:

> All persons who, on or after June 3, 2008 and continuing through June 18, 2009, made a credit card or debit card purchase from the pharmacy self-service dispenser at Rite Aid store number 1320, located at 640 Montgomery Avenue, Narberth, Pennsylvania 19072 and whose electronically printed receipt from the dispenser contained the expiration date of the person's credit or debit card.

If you fall within the foregoing Settlement Class definition, you will be a Settlement Class member unless you exclude yourself from the Settlement Class.  Being a Settlement Class member means that if the settlement is finally approved by the Court, you will receive the benefits of the settlement, described below.

If you do not wish to be a Settlement Class member, you may exclude yourself from the Settlement Class by mailing a notice of exclusion post-marked not later than _____, 2010 (*55 days from mailing of the Notice*) addressed to the Settlement Administrator at the address set forth below:

> Rite Aid FCRA Litigation
> RSM McGladrey, Inc.
> P.O. Box _____
> Blue Bell, Pennsylvania 19___

The notice of exclusion must state (i) the case short name and number, "Reibstein v. Rite Aid Hdqtrs. Corp., et al., C.A. No. 09-2734," (ii) your name and address, and (iii) a statement that the you wishes to be excluded from the Settlement Class.  If you choose to exclude yourself from the Settlement Class, any claims you might have against Rite Aid and Asteres will not be affected by this Lawsuit.  HOWEVER, IF YOU EXCLUDE YOURSELF, YOU WILL NOT BE ABLE TO RECEIVE THE BENEFITS OF THIS SETTLEMENT.

If you do not timely exclude yourself from the Settlement Class and the settlement is approved and becomes final, you will be deemed to have entered into the Release described below in Section V.

## II.    THE PROPOSED SETTLEMENT

Under the terms of the settlement, Defendants have agreed to provide a gift card with a value of twenty dollars ($20.00) for each credit or debit card receipt provided to a member of the Settlement Class during the class period which contained the expiration date of the

person's credit or debit card.  Rite Aid and Asteres have represented that approximately 2,442 such receipts were provided to the 369 members of the Settlement Class.  Therefore, the total value of the gift cards to be issued to members of the Settlement Class is approximately forty-eight thousand, eight hundred forty dollars ($48,840.00).  Settlement Class members will be entitled to a $20 gift card for each and every credit card or debit card receipt provided to them during the class period as reflected by Defendants' records. Each gift card will be subject to the same terms and conditions as a Rite Aid standard gift card.  The cards cannot be used on items excluded by law, are not redeemable for cash, and will not be replaced if lost or stolen.

In addition, Defendants represent that, as a direct result of the initiation of this litigation, they ceased the practice complained of in the Lawsuit.

The settlement also requires Defendants to pay for all administrative expenses incurred in connection with the settlement, including the costs associated with notice to Settlement Class members and administration of the settlement.

You can read the full Settlement Agreement at www._____.com.

### III.    HOW TO RECEIVE YOUR PORTION OF THE SETTLEMENT

Only Settlement Class members who do not request exclusion from the Settlement Class are eligible to receive the gift cards provided by the settlement.  The $20.00 gift cards described above will not be mailed to Settlement Class members unless and until the Court grants final approval to the settlement and any appeals from the Final Judgment Order have been completed.  At that time, your $20.00 gift card(s) will be sent to you by first class mail.

### IV.    ATTORNEYS' FEES AND EXPENSES

Settlement Class members will have no obligation to pay Class Counsel any attorneys' fees or expenses, and will have no obligation to pay for the administration of the settlement or the cost of notice.  All such fees and expenses will be paid directly by Defendants.

Class Counsel shall apply to the Court for a reasonable award of attorneys' fees and litigation expenses not to exceed sixty-five thousand dollars ($65,000.00). In addition, Class Counsel will apply for an individual settlement award for the Settlement Class Representative in the amount of three thousand seven hundred fifty dollars ($3,750.00), in settlement of her individual claims and in recognition of her efforts in obtaining the settlement benefits for the Settlement Class.

## V.    RELEASE

In exchange for the foregoing benefits provided by Defendants pursuant to the settlement, all Settlement Class members who do not timely exclude themselves from the Settlement Class on behalf of themselves, and each of their heirs, executors, administrators, legatees, successors, personal representatives, and assigns, hereby remise, release and forever discharge Defendants, and each of their direct or indirect parents, wholly or majority owned subsidiaries, affiliates, divisions, predecessors, successors, assignees, present and former officers, directors, employees, shareholders, representatives, insurers, partners, agents, insurers, and attorneys, and all persons acting by, through, under or in concert with them, or any of them, (collectively the "Released Parties"), from any and all claims, actions, causes of action, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, charges, penalties, losses, costs, expenses, attorneys' fees, or requests for damages of any nature whatsoever, known or unknown, in law or equity, fixed or contingent ("Claims"), that were or could have been asserted in the Lawsuit, including but not limited to any Claims relating to any and all violations of 15 U.S.C. § 1681c(g) or based on the allegations or fact that any credit or debit card receipt was printed with the expiration date of the card.

## VI.    WHAT THE SETTLEMENT MEANS

The proposed settlement is intended to settle all claims and causes of action for that Plaintiff asserted or could have asserted against Defendants in the Lawsuit, individually and on behalf of the Class.  If you do not exclude yourself from the Settlement Class and the settlement is approved and becomes final, you will be deemed to have entered into the Release described above in Section V.

If the settlement is approved by the Court and becomes final, the settlement will be consummated.  If the settlement is not approved by the Court or does not become final for any other reason, the Lawsuit will continue.

VII.   **HEARING ON THE SETTLEMENT**

The Court will hold a fairness hearing on _____, 2010 (*at least 100 days after preliminary approval order*) at _____ _.m. in Courtroom _____, United States Courthouse, 601 Market Street, Philadelphia, PA 19106 to determine whether the proposed settlement should be approved as fair, adequate and reasonable, and also to determine the amount of attorneys' fees and expenses that should be awarded to Class Counsel and the amount of the individual settlement award to the Settlement Class representative.  The hearing date may be changed without further notice to you individually.  <u>YOU DO *NOT* NEED TO APPEAR IN COURT</u>.

Any Settlement Class member who has not elected to be excluded from the Settlement Class may object to approval of the proposed settlement or to the applications for attorneys' fees and expenses and the Settlement Class representative's individual settlement award, and may appear at the hearing, individually or through your own counsel, but ONLY if you have submitted a WRITTEN objection and notice of intention to appear.  Any objection must be in writing and must be filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania, United States Courthouse – Second Floor, 601 Market Street,

Philadelphia, PA 19106, and also mailed to Class Counsel for the Class at the address set forth below in Section VIII, not later than _____, 2010 (*fifty-five (55) days from the date of mailing of the Notice*). The written objection must include: (i) the case short name and number, "Reibstein v. Rite Aid Hdqtrs. Corp., et al., C.A. No. 09-2734," (ii) your name and address, (iii) a statement that the you are a member of the Settlement Class, (iv) the words "Notice of Objection" or "Formal Objection," (v) in clear and concise terms, the legal and factual arguments supporting the objection; and (vi) whether the you intend to appear to speak at the final approval hearing. Failure to file timely written objections will preclude a Settlement Class member from objecting at the final approval hearing.

## VIII.   <u>ADDITIONAL INFORMATION</u>

The pleadings and other records in this litigation, including a copy of the Settlement Agreement, may be examined at any time during regular office hours at the Clerk's Office, United States District Court for the Eastern District of Pennsylvania, United States Courthouse – Second Floor, 601 Market Street, Philadelphia, PA 19106.

If you need additional information, you may visit the website maintained by the Settlement Administrator at www._____.com, which contains the Class Notice and other documents relevant to this case, such as the Amended Complaint, the Answers, the Settlement Agreement and the Order of Preliminary Approval.

You may also call or write to the following attorney for the Settlement Class below:

David A. Searles, Esq.
DONOVAN SEARLES, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067 (telephone)
(215) 732-8060 (Fax)
dsearles@donovansearles.com

PLEASE DO NOT CALL THE COURT, THE CLERK OR THE DEFENDANTS REGARDING THIS SETTLEMENT.

BY THE COURT:

_____

Michael E. Kunz, Clerk

DATE: _____, 2010

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **DIANNE REIBSTEIN,** | ) | |
| **on behalf of herself and all others** | ) | **CLASS ACTION** |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No.  09-2734** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **RITE AID HDQTRS. CORP.** | ) | |
| **and** | ) | |
| **ASTERES, INC.,** | ) | |
| | ) | |
| **Defendants**. | ) | |

_____

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter, having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action settlement with Defendants Rite Aid Hdqtrs. Corp. ("Rite Aid") and Asteres, Inc. ("Asteres"); the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order of Preliminary Approval entered _____, 2010, a Settlement Class, and the Court, being fully advised in the premises, finds that:

1.       This action satisfies the applicable prerequisites for settlement of a class action under Fed.R.Civ.P. 23(a) and (b).  For purposes of class settlement only, the class as defined in the Settlement Agreement (the "Settlement Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Settlement Class Representative are typical of the claims of the Settlement Class, and the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class.  Also for purposes of class settlement only, questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual

members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2.      Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Order of Preliminary Approval, and such Notice by mail has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3.      The Defendants have timely filed notification of this settlement with the appropriate federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA").  The Court has reviewed such notification and accompanying materials, and finds that the Defendants' notification complies fully with the applicable requirements of CAFA.

4.      The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Settlement Class representative.

5.      The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the members of the Settlement Class in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

6.      The relief provided under the settlement constitutes fair value given in exchange for the releases of claims against the Released Parties, as that term is defined in the Settlement Agreement.

7.      _____ person(s) have excluded themselves from the Settlement Class, and _____ class member(s) have objected to the proposed settlement.

8.     The parties and each Settlement Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

9.     It is in the best interests of the parties and the Settlement Class members and consistent with principles of judicial economy that any dispute between any Settlement Class member (including any dispute as to whether any person is a Settlement Class member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or this Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

A.     This action is finally certified as a class action against Defendants Rite Aid and Asteres on behalf of a Settlement Class defined as follows:

> All persons who, on or after June 3, 2008 and continuing through June 18, 2009, made a credit card or debit card purchase from the pharmacy self-service dispenser at Rite Aid store number 1320, located at 640 Montgomery Avenue, Narberth, Pennsylvania 19072 and whose electronically printed receipt from the dispenser contained the expiration date of the person's credit or debit card.

B.     The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Settlement Class and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

C.     This action is hereby dismissed on the merits, with prejudice and without costs.

D.     As agreed by the parties in the Settlement Agreement, upon the Effective Date, Plaintiff and all Settlement Class members who did not properly request exclusion are

deemed to have released and discharged Defendants from all claims released under the Settlement Agreement.

       E.      Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement.  In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendants and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement.  Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order.  Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

       F.      Upon consideration of Class Counsel's application for fees and expenses, as the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.  Defendants shall pay the awarded amount in accordance with the Settlement Agreement.

       G.      Upon consideration of the application for an individual settlement award, the Class Representative, Diane Reibstein, is awarded the sum of three thousand, seven hundred

and fifty dollars ($3,750.00) in consideration of her individual claims against the Defendants and for the valuable services she performed for and on behalf of the Settlement Class, to be paid in accordance with the Settlement Agreement.

The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

_____
Eduardo C. Robreno, U.S.D.J.

Dated _____, 2010

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on this date and that service is therefore being made electronically on the following:

Stephen G. Harvey
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103

Jeffrey S. Saltz
LAW OFFICE OF JEFFREY S. SALTZ, P.C.
Two Penn Center Plaza, Suite 1930
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

Dated: April 28, 2010

_s/David A. Searles_
David A. Searles